Busigó, Demandante y Apelante, *v.* Jordán et al,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez
en un caso de declaración de propiedad.

No. 988.—Resuelto en abril 17, 1914.

Título del Demandante—Insuficiencia de la Prueba.—Cuando, como en el
presente caso, la parte demandante no presenta ningún documento para de-
mostrar el dominio de la casa que reclama, ni testigos que presenciaran el

otorgamiento de tal documento, y el demandado prueba la inscripción a su favor en el registro de la propiedad del título de la finca en litigio, es necesario concluir que la prueba del título del demandante ha sido insuficiente.

ID.—TESTAMENTO DEL CAUSANTE DEL DEMANDANTE—INCLUSIÓN DE LA FINCA EN LITIGIO EN DICHO DOCUMENTO.—El hecho de que el causante del demandante incluyera en su testamento, como uno de sus bienes, la finca en litigio, la cual fué adjudicada a la viuda y por ésta vendida al demandante, no es prueba de que en realidad la finca fuera de su propiedad, cuando hay prueba en contrario.

PRESCRIPCIÓN DEL DOMINIO—INTERRUPCIÓN—ADMISIONES DE LA PARTE.—Para que pueda invocarse como interrupción de la prescripción del dominio la admisión implícita de una parte que está en posesión de la finca en litigio, consistente en haber escrito cartas al demandante creyendo las manifestaciones hechas por el agente del demandante, en el sentido de que era dueño de una sexta parte de la finca en litigio, es necesario que la persona que ha escrito dichas cartas tenga conocimiento de los hechos para que esté en condición de admitirlos y para que dicha admisión produzca el efecto de interrumpir la prescripción.

PRUEBAS—DECLARACIÓN NO CONTRADICHA DE UN TESTIGO—REVOCACION DE LA SENTENCIA APELADA.—No es motivo para revocar una sentencia el que la declaración de un testigo no haya sido contradicha, a menos que su declaración sea convincente y robusta.

ID.—ACTOS DE DOMINIO EJECUTADOS POR EL DEMANDANTE.—El hecho de que el esposo de la demandante exigiera a la demandada que desalojara la casa en litigio no es prueba por sí sola de que la demandante fuera dueña de la finca, pues tales actos son compatibles con la existencia de un arrendamiento entre la demandada y demandante.

PRESCRIPCIÓN DEL DOMINIO.—Se resolvió que la prueba presentada en este caso demuestra que los demandados adquirieron también su título a la finca en litigio por prescripción de más de 30 años.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Herminio Díaz Navarro.*

Abogado de los apelados: *Sr. José G. Torres.*

El apelado Augusto Malaret compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso el objeto de la demanda es que la corte declare que la demandante tiene derecho a la propiedad de una sexta parte de una casa en la Calle de Betances, en Sabana Grande, Puerto Rico, descrita en la demanda.

Los demandados en su contestación aceptaron algunos de los hechos y negaron otros y como materia nueva expusieron que la casa en litigio ha sido poseída por sus primitivos dueños, Esteban Malaret y su esposa Reparada Anglada, con anterioridad al año 1859, y desde este año en adelante por

su hijo Pedro Malaret Anglada, y su esposa e hijos, *bona fide,* sin interrupción, quieta y pacíficamente en concepto de dueños; que la acción ha prescrito conforme al artículo 1864 del Código Civil Revisado y a los artículos concordantes de los códigos anteriores; y que los demandados han adquirido justo título por prescripción de más de treinta años.

La Corte de Distrito de Mayagüez en su opinión declaró probado que los demandados, en virtud de un expediente de dominio aprobado por el mismo tribunal habían inscrito su título en el registro de la propiedad, adquirido por herencia de Esteban Malaret; y en dicho expediente se presentó prueba testifical para demostrar la posesión quieta, pública, pacífica y sin interrupción por los demandados y su causante Pedro Malaret Anglada. La corte inferior en su opinión también declaró probado que no existió prueba satisfactoria en cuanto al título por el cual adquirió Sebastián Busigó, padre de la demandante, la sexta parte de la casa en litigio; que no había ningún documento para demostrarlo, ni testigos presenciales del otorgamiento de tal documento. Estamos de acuerdo con el tribunal en estos extremos y creemos que la prueba presentada para demostrar tal título fué insuficiente.

La apelante se funda principalmente en admisiones hechas por el Dr. Malaret, uno de los demandados, y en otras admisiones.

Existió prueba suficiente del hecho del fallecimiento de Busigó Pou, padre de la demandante, por el año 1877 y de que en su testamento declaró como bienes de su propiedad, entre otros, la sexta parte de esa casa, la que fué adjudicada a su consorte, de quien la adquirió la demandante, en una mitad por herencia y en la otra por compra a su hermano Luis Busigó. Pero esto no prueba que en verdad él ni sus derecho-habientes fueran los dueños de esa sexta parte de la casa.

La corte en su opinión declaró probado que Esteban Malaret fabricó la casa en litigio en el año 1853, que desde entonces figuró a su nombre en los cuadernos del reparto de con-

tribuciones del colector municipal de Sabana Grande, desde 1864 a nombre de Pedro Malaret Anglada y más tarde a nombre de la sucesión de este señor, así como que siempre la poseyeron quieta, pública y pacíficamente como dueños.

Continúa la corte y expresa, que como Sebastián Busigó falleció en 1877 o antes, que cualquier contrato que se celebrara debe de llevar una fecha anterior a dicha época; que la primera reclamación judicial hecha con relación a la casa lo fué en 8 de febrero de 1910, cuando la demandante se opuso al expediente de dominio. Entre estas fechas había transcurrido un período de más de 32 años. Entra la corte a examinar si este período fué interrumpido. La supuesta interrupción se funda en varias cartas. Algunas de ellas fueron escritas por Rosa Jordán de Malaret y convenimos con la corte en que ninguna de estas cartas contiene absolutamente nada esencial a la cuestión ya que la de 9 de mayo de 1897 dirigida al Sr. Gaztambide se refiere a que en ese mes le es imposible hacer desocupar a un Sr. Acevedo, porque como siempre le ha pagado por adelantado no podrá arreglar con él hasta junio, pero le promete que desocupará tan pronto encuentre dónde mudar su tienda; y la de febrero 16, 1910, dirigida al Sr. Gaztambide Busigó trata únicamente de que enterada del escrito de oposición a su expediente de dominio, ella y sus hijos están dispuestos a oir sus alegaciones. Se hace gran hincapié en otras dos cartas escritas por el Dr. Pedro Malaret en las cuales trata con la demandante, o sus agentes, sobre la compra de una sexta parte de la cual alega ella ser dueña, o de la venta por los dueños de las cinco-sextas partes a la demandante. No hay prueba que demuestre la autorización para que él tratara a nombre de los otros demandados. Sin embargo, se le presentó como un testigo de la demandante y de este modo se acepta su credibilidad. No se ha demostrado que él estuviera equivocado, ni tampoco adolecen sus manifestaciones de inverosimilitud. El declaró que había escrito dichas cartas a los agentes de la demandante porque ellos le dijeron que su principal era el dueño de una sexta parte de

la casa en litigio y él creyó sus manifestaciones, pero sin tener conocimiento personal de que en realidad la demandante fuera dueña; que él acababa de regresar de sus estudios médicos y no estaba muy enterado de los negocios de su padre. Para que una admisión constituya interrupción es necesario que se haga por una persona que esté enterada de los hechos. No es posible que surja de la mera voluntad de tratar con personas que se dicen ser dueñas de la propiedad y a cuyas manifestaciones se les da crédito. El declaró que no estaba enterado de los hechos y por tanto no estaba en condición de admitirlos.

La corte sigue examinando otras supuestas admisiones, pero no dió crédito a tales manifestaciones.

Hemos seguido en lo sustancial la opinión del tribunal inferior. La parte apelante en su alegato trata de demostrar la adquisición del título por Busigó Pou fundada en las admisiones de varios de los demandados, en la manifestación hecha en el testamento del Sr. Busigó Pou y en el hecho de que a su viuda se le adjudicara esa sexta parte. Indudablemente que estas manifestaciones no eran prueba del título y que las admisiones no satisficieron al tribunal inferior ni nos satisfacen a nosotros para justificar la existencia de un título anterior al año 1877 del cual se derivó el título de la demandante. La declaración del testigo Gaztambide se refiere a una oferta de transacción que le hiciera Pedro Malaret Anglada. Las manifestaciones de Emiliano Nazario son muy vagas e indefinidas, y como ya hemos visto, el tribunal no le dió crédito ni a ellas ni a otras manifestaciones. No es motivo suficiente para revocar una sentencia el que la declaración de un testigo no haya sido contradicha, a menos que su declaración sea convincente y robusta. Se presentó prueba por medio de la declaración del testigo Gaztambide y de otros para demostrar que la demandante era la dueña en común con los demandados y ejecutó actos de dominio sobre la casa. El particular más importante de esta prueba es que Gaztambide, el esposo de la demandante, exigió que se desocupara

la casa para él poder tomarla y que la demandada Rosa Jordán así lo hizo. Pero esta manifestación es compatible con la idea de un arrendamiento por parte de Gaztambide y no prueba el dominio por parte de la esposa. Un demandante en acción reivindicatoria debe presentar prueba de naturaleza más robusta.

Por tanto sostenemos con la corte inferior que la demandante no probó su título, y que aunque hay indicios de la posibilidad de la existencia de tal título, de los autos consta que los demandados adquirieron también su título por prescripción de más de 30 años.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.